# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AMY REDD, as Personal Representative of
the Estate of SUSAN LEE CRESWELL, *et al.*,

      Plaintiffs,                         Case No. 08-11457
                                                          Hon. Gerald E. Rosen

vs.

BROTHERHOOD OF MAINTENANCE OF WAY
EMPLOYEES DIVISION OF THE INTERNATIONAL
BROTHERHOOD OF TEAMSTERS and BROTHERHOOD
OF THE MAINTENANCE OF WAY EMPLOYEES
DIVISION PENSION PLAN,

      Defendants.
_____/

## ORDER SUSTAINING PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S RULING ON PLAINTIFFS' MOTION TO COMPEL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____June 2, 2009_____

PRESENT:  Honorable Gerald E. Rosen
                           Chief Judge, United States District Court

By order dated March 6, 2009, Magistrate Judge Virginia M. Morgan granted in part Plaintiffs' motion to compel and ordered an *in camera* review of certain documents that were being withheld by Defendants on the basis of the attorney-client and work product privileges. In accordance with this ruling, the Magistrate Judge conducted an *in camera* review on March 16, 2009, and upheld Defendants' claims of privilege as to the bulk of the documents at issue. Plaintiffs now object to this determination, arguing that

Defendants' claims of privilege are overcome by a so-called "fiduciary" exception that the courts have invoked to compel the production of communications between an ERISA plan administrator and counsel concerning the administration of the plan. For the reasons discussed briefly below, the Court agrees that this exception is applicable here, and therefore sustains Plaintiffs' objection to the Magistrate Judge's ruling.

As applied by the courts in cases brought under ERISA, the "fiduciary" exception to the attorney-client privilege "comes into play when . . . the administrator for an ERISA plan invokes the attorney-client privilege against the plan beneficiaries." *Lewis v. UNUM Corp. Severance Plan,* 203 F.R.D. 615, 619 (D. Kan. 2001). "This fiduciary exception derives from the principle that when an attorney advises a plan fiduciary about the administration of an employee benefit plan, the attorney's client is not the fiduciary personally but, rather, the trust's beneficiaries." *Lewis,* 203 F.R.D. at 619. In light of this underlying rationale, the courts have invoked this exception, and ordered the disclosure of attorney-client communications, when a plan administrator seeks the advice of counsel in the "pre-decisional" phase of a benefit determination. *See, e.g., Lewis,* 203 F.R.D. at 620; *Geissal v. Moore Medical Corp.,* 192 F.R.D. 620, 624-25 (E.D. Mo. 2000); *Shields v. UNUM Provident Corp.,* No. 2:05-CV-744, 2007 WL 764298, at *4-*5 (S.D. Ohio Mar. 9, 2007). In contrast, attorney-client communications made ***after*** a decision is final, or addressing a challenge to the plan administrator in his or her personal capacity, have been deemed privileged and exempt from disclosure. *See, e.g., Geissal,* 192 F.R.D. at 625-26. As the Ninth Circuit has explained:

> On the one hand, where an ERISA trustee seeks an attorney's advice on a matter of plan administration and where the advice clearly does not implicate the trustee in any personal capacity, the trustee cannot invoke the attorney-client privilege against the plan beneficiaries. On the other hand, where a plan fiduciary retains counsel in order to in order to defend herself against the plan beneficiaries . . . , the attorney-client privilege remains intact.

*United States v. Mett,* 178 F.3d 1058, 1064 (9th Cir. 1999).[1]

In this case, there evidently is no dispute that the documents sought by Plaintiffs were created in the "pre-decisional" phase of the plan administrator's decision to recalculate and reduce Plaintiffs' pension benefits, and prior to this decision becoming final in June of 2007. Plaintiffs further assert — again, apparently without contradiction — that the documents they seek reflect communications between the plan administrator and counsel regarding matters that, in their view, are properly characterized as "plan administration" — namely, the determination that pension benefits had been incorrectly calculated, and the recalculation of the purportedly correct amounts. Finally, Plaintiffs note the absence of any effort to impose personal liability on the plan administrator, such that the advice of counsel could be viewed as offered on behalf of the plan administrator rather than the plan and its beneficiaries. Against this backdrop, Plaintiffs argue that the "fiduciary" exception to the attorney-client privilege is applicable, and that Defendants

---

[1] In this case, Defendants have claimed that certain of the documents sought by Plaintiffs are protected by both the attorney-client and work product privileges. Yet, the courts have found that the same "fiduciary" exception may overcome each of these privileges, at least as to materials prepared in the "pre-decisional" phase of a benefit determination. *See, e.g., Lewis,* 203 F.R.D. at 623; *Geissal,* 192 F.R.D. at 625. Accordingly, while the discussion in the present order is focused largely on the attorney-client privilege, the Court's rulings apply with equal force to Defendants' invocation of the work product privilege.

3

should be compelled to disclose the requested documents.

Unfortunately, while it is evident that the Magistrate Judge upheld Defendants' claim of attorney-client privilege, it is less clear from the record why the Magistrate Judge declined to apply the "fiduciary" exception to overcome this assertion of privilege. An initial hearing on Plaintiffs' motion to compel was held on March 2, 2009, but the Court has not been provided with a transcript of this hearing. Instead, Plaintiffs' objections are accompanied only by a transcript of a subsequent March 16, 2009 hearing, at which the Magistrate Judge reviewed the documents identified on Defendants' privilege log and addressed, very briefly, a renewed argument by Plaintiffs' counsel regarding the fiduciary exception.[2] As disclosed in the transcript of this hearing, the Magistrate Judge declined to apply this exception on two grounds: (i) that Plaintiffs are former employees of the Defendant employer who had already begun to receive pension benefits, so that they and the plan administrator would invariably be in an "adversarial" posture as soon as the plan administrator commenced the inquiry whether these benefit payments were erroneous and should be recalculated, (*see* 3/16/2009 Hearing Tr. at 20-21); and (ii) that at least some of the Plaintiffs were not merely plan participants but, while still employed, had played roles in the administration and operation of the plan, (*see id.* at 30).

---

[2]Apart from Plaintiffs' failure to provide a transcript of the initial March 2 hearing, Defendants missed an opportunity to shed further light on the Magistrate Judge's ruling or provide additional support for this ruling by declining to file a response to Plaintiffs' objections, as permitted under Local Rule 72.1(d)(3) of this District.

The Court does not view either of these considerations as sufficient to defeat the application of the "fiduciary" exception under the circumstances presented here. The Magistrate Judge evidently viewed these two factors as strong indicia that the plan administrator's actions would lead to an "adversarial situation" and ensuing litigation. (*Id.* at 20, 30.) Yet, as one court has explained in rejecting an appeal to the attorney-client privilege under comparable circumstances:

> Defendants argue that none of the legal advice secured by the plan administrator was for the purpose of plan administration but was for the purpose of defending against the disagreement and claims of the disappointed plan beneficiary, [plaintiff] James W. Geissal. The Court disagrees. For the defendants to prevail on this argument, whenever the administration of a plan involves the denial of a beneficiary's claim or benefits under a plan, all of the antecedent, pre-decisional legal advice of counsel would be subject to the attorney-client privilege and not available for review by the beneficiaries of the plan, including the disappointed beneficiary. This contradicts the principle that the plan's administrator or trustee administers the plan in the beneficiaries' best interests. The prospect of post-decisional litigation against the plan by a disappointed beneficiary can exist whenever the plan denies a claim. Because the denial of claims is as much a part of the administration of a plan as the decision-making which results in no unhappy beneficiary, the prospect of post-decisional litigation against the plan is an insufficient basis for gainsaying the fiduciary exception to the attorney-client privilege.

*Geissal,* 192 F.R.D. at 625; *see also Lewis,* 203 F.R.D. at 620. Likewise, in this case, even if the plan administrator viewed it as likely that the recalculation of Plaintiffs' benefits would result in litigation, and even if the decision to consult with counsel was motivated in part by this likelihood of eventual litigation, this Court finds that this prospect, standing alone, is insufficient to preclude a plan beneficiary's access to pre-decisional communications between a plan administrator and counsel concerning matters

of plan administration.

To be sure, while the materials in question might not be shielded by the attorney-client or work product privileges, the Court harbors considerable doubt as to the *relevance* of these materials.  This case represents, first and foremost (if not exclusively), an effort by Plaintiffs to recover the additional pension benefits they received before the plan administrator recalculated and reduced these benefits.  The success of Plaintiffs' claims for plan benefits will turn upon the validity of the plan administrator's interpretation of the pertinent plan provisions, as assessed under the appropriate standard of review (*de novo* or arbitrary and capricious).  *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S. Ct. 948, 956-57 (1989).  In conducting this review, this Court is largely confined to the materials presented to the plan administrator in the course of the decision to recalculate Plaintiffs' pension benefits, *see Wilkins v. Baptist Healthcare System, Inc.,* 150 F.3d 609, 619 (6th Cir. 1998), and Plaintiffs do not appear to contend that the communications between the plan administrator and counsel are a part of this record.  Thus, it is not evident that these communications will have any bearing upon the proper disposition of this case.[3]  Nonetheless, Defendants have failed to preserve

---

[3]The Court recognizes that it permitted discovery in this case so that Plaintiffs could explore the plan administrator's possible conflict of interest.  *See Metropolitan Life Insurance Co. v. Glenn,* 128 S. Ct. 2343, 2346 (2008).  Yet, Plaintiffs have not endeavored to explain how the requested materials might tend to shed light on the existence or nature of any such conflict of interest.  Similarly, while Plaintiffs posit that Defendants might pursue an "advice of counsel" defense, this Court is not aware of any case law support for the proposition that a plan administrator's decision to deny benefits is better able to withstand judicial scrutiny if it rests upon an attorney's reading of the pertinent plan provisions.

any objection they might have raised on grounds of relevance, where (i) they evidently objected to Plaintiffs' discovery requests solely on grounds of privilege, (ii) they made only a single passing reference to relevance, without elaboration or any sort of developed argument, in their response to Plaintiffs' motion to compel, (*see* Defendants' Answer to Motion to Compel, Br. at 7), and (iii) they have not objected to the Magistrate Judge's determination, at least implicitly, that the requested materials were relevant, as evidenced by the need for an *in camera* review.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' March 30, 2009 objections to the Magistrate Judge's March 6, 2009 order and subsequent rulings in the course of a March 16, 2009 *in camera* review and hearing are SUSTAINED, to the extent that Plaintiffs object to the Magistrate Judge's failure to apply the "fiduciary" exception to the attorney-client privilege.  Accordingly, IT IS FURTHER ORDERED that the "pre-

decisional" documents that Defendants were permitted to withhold on grounds of attorney-client and/or work product privilege shall be produced to Plaintiffs within *seven (7) days* of the date of this order.

    SO ORDERED.


                        s/Gerald E. Rosen
                        Chief Judge, United States District Court

Dated: June 2, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 2, 2009, by electronic and/or ordinary mail.

                        s/Ruth Brissaud
                        Case Manager